**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**NAQUONE TAYLOR**, individually,

Case No. _____

**Plaintiff,**

**v.**

**710 CARIDAD EXPRESS RESTAURANT
CORP. d/b/a CARIDAD RESTAURANT
EXPRESS**, a New York for profit corporation,
and **710 E. 138TH ST. BRONX LLC**, a New
York for profit corporation,

**Defendants.**

_____

## COMPLAINT FOR VIOLATIONS OF ADA

Plaintiff, NAQUONE TAYLOR, by and through the undersigned counsel,

and in accordance with the Federal Rules of Civil Procedure and all other

applicable statutes, rules, governing legal authorities, and advisory opinions files

the instant Complaint against Defendants 710 CARIDAD EXPRESS

RESTAURANT CORP. d/b/a CARIDAD RESTAURANT EXPRESS and 710 E.

138TH ST. BRONX LLC for violations of the Americans with Disabilities Act, 42

U.S.C. § 12181 *et seq.*

**I.      Jurisdiction**

1.      This Court has original jurisdiction over claims arising under Title III of the

Americans with Disabilities Act (hereinafter "ADA"). *See* 42 U.S.C. §

12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Plaintiff NAQUONE TAYLOR is an individual with a disability as defined by the ADA.

3.      Plaintiff NAQUONE TAYLOR is seeking injunctive relief pursuant to the ADA.

4.      Plaintiff NAQUONE TAYLOR is also seeking to recover attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

5.      The violative property is located in Bronx County, New York at 710 East 138th Street (hereinafter "Property").

6.      Defendant 710 E. 138TH ST. BRONX LLC is the record owner/landlord of the Property.

7.      The Property is being operated as a service establishment thus qualifying as a "place of public accommodation (*see* 28 CFR 36.201(a))."

8.      Defendant 710 CARIDAD EXPRESS RESTAURANT CORP. d/b/a CARIDAD RESTAURANT EXPRESS (hereinafter "CARIDAD RESTAURANT EXPRESS") is the tenant on the Property operating this food service establishment.

9.    Venue properly lies in the Southern District of New York, which is the federal judicial district in which the property is located and on which the violative establishment is conducting business.

**II.    ADA Ensures Reasonable Access For Individuals with Disabilities**

10.   Notice prior to initiating suit is not mandated by the ADA.

11.   All conditions precedent to filing suit are satisfied or are waived by Defendant as their violations have been ongoing since enactment of the ADA.

12.   The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

13.   The ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "Accessibility Standards") dictate that property owners and operators of "commercial establishments" are jointly responsible complying with these federal Accessibility Standards.

**III.    Defendant's Violations of ADA Accessibility Standards:**

14.   Defendants have and are continuing to violate the Accessibility Standards by failing to provide accessible facilities since the enactment of the ADA.

15.   These violations infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

16.   When Plaintiff TAYLOR was visiting CARIDAD RESTAURANT EXPRESS on Defendant 710 E. 138TH ST. BRONX LLC's Property he encountered architectural barriers at the Property precluding his from reasonably accessing the goods and services provided to non-disabled individuals.

17.   These barriers to access at the Property have deterred Plaintiff from availing himself of, and are denying his the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at CARIDAD RESTAURANT EXPRESS equal to those afforded to other individuals.

18.   Defendant, therefore, is discriminating against Plaintiff and other similarly situated disabled individuals.

19.   As a result of Defendant's ADA non-compliance, Plaintiff TAYLOR is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public.

20.   Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

**IV.    Plaintiff TAYLOR Qualifies As An Individual with a Disability Under the ADA**

21.    Plaintiff TAYLOR is married and he has fathered children, all of whom live in New York. Plaintiff TAYLOR spends part of the week living the Bronx and part of the week living in Brooklyn due to his wife's grueling work schedule and her having to work different jobs in both counties each week.

22.    Although Plaintiff TAYLOR commutes principally using the MTA/New York City Transit Bus System or special transportation services, TAYLOR also receives assistance from his family, all of whom live and work nearby.

23.    Plaintiff TAYLOR travels to many places locally using only his wheelchair.

24.    Plaintiff TAYLOR suffers froms Lou Gehrig's disease. This is disease is also known as Amyotrophic Lateral Sclerosis.

25.    Amyotrophic Lateral Sclerosis is a progressive nervous system disease that weakens all muscles throughout the body impacting physical functioning.

26.    Since TAYLOR's recent diagnosis, TAYLOR has lost all use of his legs.

27.    As Amyotrophic Lateral Sclerosis has no known cure, TAYLOR is permanently confined to wheelchair with no hope of rehabilitation.

28.    Plaintiff TAYLOR presently resides in Brooklyn, New York.

29.    Plaintiff TAYLOR is a thirty two (32) year-old man.

## IV.   Inspection of CARIDAD RESTAURANT EXPRESS Establishes ADA Non-compliance

30.   The present violations at Defendants' facility threaten Plaintiff's safety.

31.   An inspection of CARIDAD RESTAURANT EXPRESS reveals the following architectural barriers to access precluding Plaintiff, as an individual who is confined to a wheelchair, from reason able accessing the goods and services offered to able-bodied persons:

   a.   two separate inaccessible entrances;
   b.   existing step at first of two entrance doors acts as a barrier to accessibility without required ramp not provided for step at first of two entrance doors;
   c.   required minimum maneuvering clearance not provided at first of two entrance doors;
   d.   non-compliant existing ramp leading to second of two entrance doors
   e.   non-compliant slope of ramp, leading to second of two entrance doors, exceeds maximum slope requirement;
   f.   required landing not provided at top of ramp leading to second of two entrance doors;
   g.   required minimum clear width not provided at door opening of second of two entrance doors;
   h.   required minimum maneuvering clearance not provided at second of two entrance doors;
   i.   inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables;
   j.   percentage of existing dining tables required to be accessible not provided;
   k.   compliant signage identifying the restrooms are not provided;
   l.   inaccessible men's restroom as existing step at door of men's restroom acts as a barrier to accessibility without required ramp not provided for step at door of men's restroom;
   m.   required minimum clear width not provided at door opening of door at men's restroom;
   n.   non-compliant door knob at door of men's restroom;

o.   required minimum maneuvering clearance not provided at door of men's restroom;

p.   required minimum turning space not provided in men's restroom;

q.   required minimum clear width not provided at door opening of men's restroom;

r.   failure to maintain accessible features and failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities;

32.   The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

**V.    Returning to CARIDAD RESTAURANT EXPRESS Before All Violations Are Remedied May Threaten Plaintiff TAYLOR's Physical Safety**

33.   As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist.

34.   Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

35.     Plaintiff plans on returning to CARIDAD RESTAURANT EXPRESS to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

36.     However, Plaintiff may require assistance from an able-bodied individual upon returning to ensure his physical safety is not needlessly threated by Defendant's ongoing non-compliance.

**VI.   CLAIMS**

    **A.    Declaration of ADA Violations by Defendant 710 CARIDAD EXPRESS RESTAURANT CORP. d/b/a CARIDAD RESTAURANT EXPRESS**

37.     When Plaintiff TAYLOR visited CARIDAD RESTAURANT EXPRESS he could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 31.

38.     The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

39.  Defendants denied Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce his rights.

40.  As a result of Defendants being in continuous violation of Title III of the ADA Plaintiff TAYLOR has and is suffering actual harm in the form of personal injury, and humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

41.  A declaration that Defendants were in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants compliance with the law.

42.  The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

WHEREFORE, Plaintiff respectfully requests an order declaring Defendants (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.*

at the time of Plaintiff's visit; and ((B) as a result of architectural barriers Defendants have effectively denied Plaintiff, as an individual with a disability, reasonable access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

## B.     ADA Violations Requiring Injunctive Relief

43.   Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 36 above as if set forth specifically herein.

44.   CARIDAD RESTAURANT EXPRESS is being operated as a place of public accommodation in violation of ADA.

45.   Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 31 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

46.   Defendant continues to discriminate against Plaintiff and those similarly situated by operating CARIDAD RESTAURANT EXPRESS and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

47.   Modifications in Defendant CARIDAD RESTAURANT EXPRESS's practices, policies and procedures are necessary to afford all offered goods,

services, facilities, privileges, advantages and/or accommodations to individuals with disabilities.

48. Said modification  are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

49. Plaintiff is suffering true and actual harm by Defendant CARIDAD RESTAURANT EXPRESS operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

50. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

51. Plaintiff is without any adequate remedy and law.

52. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for

having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

53.   Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

   a.   Injunctive relief against Defendant;

   b.   award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

   c.   any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

### c.   Liability of Property Owner for ADA Violations on Property

54.   Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 35 above as if set forth specifically herein.

55.   Defendant **710 E. 138TH ST. BRONX LLC** is the documented owner of the Property on which Defendant CARIDAD RESTAURANT EXPRESS is

operating a place of public accommodation violating the Accessibility Standards by permitting discriminatory treatment of persons confined to wheelchairs.

56.    Individuals confined to wheelchairs, including Plaintiff TAYLOR have been denied access to and the benefits of services, programs and activities at the Defendant **710 E. 138TH ST. BRONX LLC**'s Property as a result of the ADA violations set forth herein in paragraph 31. *See* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

57.    Defendant is continuing to discriminate against Plaintiff by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

58.    The structural impediments set forth in paragraph 31 must be remedied to eliminate the architectural barriers set forth herein, which remedies are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

59.    Permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving

Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

60.    Plaintiff has and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

61.    Plaintiff is without any adequate remedy and law.

62.    The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

63.    Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

d.    Injunctive relief against Defendant;

e.      award reasonable attorneys' fees, costs and litigation expenses

in accordance with 42 USC § 12205;

f.      any other relief this Court deems just and proper and/or is

otherwise allowable under Title II of the ADA.


Respectfully submitted on February 16, 2016.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009